UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL M. REGAN,

        Petitioner,

v.                                        CASE NO. 2:07-13240
                                         HONORABLE GEORGE CARAM STEEH

BLAINE LAFLER,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(B)(3)(A)

Petitioner Carl M. Regan has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's 1997 convictions for two counts of criminal sexual conduct in the first degree, MICH. COMP. LAWS § 750.520b, and one count of assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84.

Petitioner challenged the same state convictions in two previous habeas petitions filed in this District. Chief United States District Judge Bernard A. Friedman denied Petitioner's first habeas petition on the merits. *See Regan v. Hoffner*, No. 01-72215 (E.D. Mich. May 22, 2002). Petitioner appealed Chief Judge Friedman's decision, but the United States Court of Appeals for the Sixth Circuit declined to issue a certificate of appealability. *See Regan v. Hoffner*, No. 02-1755 (6th Cir. Mar. 25, 2003).

Petitioner filed a second habeas corpus petition in 2006. United States District

Judge Nancy G. Edmunds transferred the petition to the Court of Appeals as a second or successive petition. *See Regan v. Howes*, No. 06-12277 (E.D. Mich. May 25, 2006). The Court of Appeals treated the case as a motion for an order authorizing consideration of a second or successive § 2254 petition. On December 13, 2006, the Court of Appeals denied Petitioner's motion. *See In re Regan*, Nos. 06-1627 and 06-1790 (6th Cir. Dec. 13, 2006). Petitioner filed the pending habeas corpus petition on August 3, 2007. A person seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a petitioner files a second or successive petition for habeas corpus relief in the district court without § 2244(b)(3) authorization from the court of appeals, the district court must transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not received permission from the Court of Appeals to file a third habeas corpus petition challenging the same convictions. His failure to comply with the

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

gatekeeping requirements of 28 U.S.C. § 2244(b) deprives this Court of jurisdiction to hear his claims.  *Burton v. Stewart*, __ U.S. __, __, 127 S. Ct. 792, 794 (2007) (*per curiam*).  Accordingly, the Clerk of Court is directed to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631.

Dated:  August 14, 2007

                                              S/George Caram Steeh
                                              GEORGE CARAM STEEH
                                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 14, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---